# CONSUMER LAW CENTER LLC

A Consumer Rights Law Firm
1220 Blair Mill Road, Suite 1105
Silver Spring, MD  20910
_____

Phillip Robinson*

\* Admitted in MD

Phone (301 ) 448-1304
[www.marylandconsumer.com](http://www.marylandconsumer.com)

June 30, 2026

The Honorable Molly Dwyer
Office of the Clerk
U.S. Court of Appeals for the Ninth Circuit
P.O. Box 193939
San Francisco, CA 94119-3939

Re.:  **Appellants' Federal Rule of Appellate Procedure 28(j) Letter**
**Case No. 25-5887**
***Catherine Palazzo, et al. v. Nationstar Mortgage LLC, et al.***

Dear Clerk:

Pursuant to Rule 28(j), Appellants submit the following supplemental authority.

On June 23, 2026, Maryland's Supreme Court published *In re Scarlett B. Bowman*, No. 26, SEPT. TERM, 2025, --- A.3d ----, 2026 WL 1791569 (Md. June 23, 2026). *Bowman* is directly relevant to the Maryland-law issues presented here because it reaffirms Maryland's textual approach to mortgage statutes and confirms Appellant's application of *Nationstar Mortgage LLC v. Kemp*, 476 Md. 149 (2021) to this action.  *Bowman* holds that when the "plain language" of a remedial statute is "unambiguous," courts should "not resort to background common law principles to contradict that intent." *Bowman* at \*11.  These holdings reinforce several arguments already before this Court in this case and the Appellees' common-law arguments (i.e. such as the freedom to contract) to avoid the plain language of the statutes before the Court.

First, *Bowman* confirms that courts should continue to resolve mortgage disputes by adhering to the enacted statutory text. For example, *Bowman* followed its prior decision in *Kemp* and the Appellate Court of Maryland's follow-up to *Kemp* (i.e. *Est. of Brown)*, which recognized that assignees generally have no greater rights than their assignors. *Bowman* at \*5.  Appellants cited heavily and relied upon these principles and authorities previously.  *See* Appellants' OB at 40-42, 47-48, and RB at 2-3, 28-29.

Second, *Bowman* also reinforces Appellants' general argument that Nationstar may only assert expressly authorized rights. Nationstar's argument is that it may collect any fee it desires through a separate, oral agreement under the common law, notwithstanding the absence of any authorization in the mortgage instruments and despite statutory prohibitions against such

unauthorized charges. Maryland law does not recognize such implied authority and *Bowman* confirms the same by refusing to recognize obligations—or exemptions—from anything other than the Legislature's enacted text. *See* Appellants' OB at 36–42, 52–55, and RB at 17–27.

*Bowman's* reaffirmation of Maryland's textual methodology supports Appellants' argument that Nationstar's payoff fee cannot satisfy the FDCPA's and state law requirements that a fee be "permitted by law," nor may the fee be enforced absent affirmative statutory or contractual authorization.

Respectfully submitted,

/s/ Phillip Robinson

Counsel for Appellants

2